**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



**Dated: November 8, 2023**

John E. Hoffman, Jr.
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 23-53016 |
| roll:  Bicycle Company, LLC, et. al. | : | Chapter 11, Subchapter V |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Judge John E. Hoffman, Jr. |

### AGREED ORDER GRANTING MOTION OF DUBLIN PLAZA L.P FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 [DOC. 72]

Pursuant to the Motion For Relief From Stay [Doc.72] of Dublin Plaza L.P. ("Movant") ("the Motion"), and upon agreement of the undersigned, Movant is hereby granted relief from the automatic stay under 11 U.S.C. § 362 and it is hereby found and determined as follows:

1. Movant is the owner of certain non-residential real property located at Dublin Plaza, storeroom number 2020, containing approximately 3,000 square feet of

2. gross leasable area in the shopping center, located at and known as 17 W. Bridge Street, Dublin, OH 43017 (the "Premises" or the "Dublin Location").

2. On or about January 14, 2020, Roll: Dublin, LLC d/b/a roll: Bicycle Company ("Dublin LLC"), a non-debtor entity, entered into a Lease Agreement with Movant as Landlord (the "Lease Agreement") for the use of the Premises, a copy of which was attached to Movant's Motion For Relief From Automatic Stay as Exhibit "A."

3. The Debtor and Dublin, LLC are affiliated, but separate entities.

4. Debtor is not the tenant under the Lease Agreement and has no rights to possession of the Premises. According to the Debtor's testimony at the 341 Meeting of Creditors, Debtor is or was conducting a business and operating a bicycle shop business from the Premises in the post-petition period.

5. Movant alleges and the Debtors do not dispute that pursuant to the Lease Agreement, Dublin LLC is currently required to pay Movant $4,500.00 per month for base rent, plus additional rent for common area maintenance, real estate taxes, and insurance. The total current monthly rent is $5,958.87.

6. Movant alleges and the Debtors do not dispute that Dublin LLC is in default under the Lease due to non-payment of rent.

7. Movant alleges and the Debtors do not dispute that neither Dublin LLC nor the Debtor has paid post-petition rent as it becomes due as evidenced by the ledger attached to Movant's Motion For Relief From Automatic Stay, as Exhibit "B."

8. Movant alleges and the Debtors do not dispute that Dublin LLC's failure to pay the required rent and late charges is a material default under the Lease Agreement.

9. Movant is entitled to relief from the automatic stay pursuant to 11 USCS § 362(d) with respect to the Premises and its contents to allow Movant to take all lawful actions to take possession of the Premises and dispose of the property in the Premises and to terminate the possession of the Premises by the Debtor and/or any affiliated entities, including but not limited to giving of Notice under the Lease, giving notices required by Ohio Law and initiating of proceedings in a Forcible Entry and Detainer Action, execution of a Writ of Restitution, and initiation and prosecution of other action in the Courts of Ohio which Movant may deem appropriate to regain possession of the Premises.

10. Relief is permissible under 11 U.S.C. § 362(d)(1) for cause shown, including lack of adequate protection of Movant's interest in the Premises. In this instance, cause exists due to the failure to pay post-petition rent.

11. Movant, as Landlord and as owner of the Premises, is a party in interest, is granted relief from stay to pursue its *in rem* remedies under the Lease Agreement, pursuant to 11 U.S.C. §§ 362(d)(1) and (2) as set forth in paragraph 9 above.

12. Relief is also appropriate under 11 U.S.C. § 362(d)(2) as the Debtor does not have any equity in the Dublin Location and it is not necessary to an effective reorganization of the Debtor.

13. It is further Ordered that Rule 4001(a)(3) of the Rules of Bankruptcy Procedure is hereby waived and this Order shall be immediately effective upon entry.

**SO ORDERED.**

**APPROVED:**

**HARRIS, MCCLELLAN, BINAU & COX, P.L.L.**


  /s/  Emily J. Jackson
Emily J. Jackson
Ohio Sup. Ct. Attorney Reg. No. 0078425
EJackson@HMBC.com
Ralph E. Dill
Ohio Sup. Ct. Attorney Reg. No. 0017169
RDill@HMBC.com
37 West Broad Street, Suite 950
Columbus, Ohio 43215-4159
Phone: (614) 464-2572
Fax:  (614) 464-2245
Attorney for Movant

**ALLEN STOVALL NEUMAN & ASHTON LLP**


/s/ James A. Coutinho
James A. Coutinho
Ohio Sup. Ct. Attorney Reg. No. 0082430
coutinho@asnalaw.com
10 W. Broad St., Ste. 2400
Columbus, OH 43215
Phone: (614) 221-8500
Fax: (614) 221-5988
Attorney for Debtor

**WOOD + LAMPING, LLP**

/s/ Donald W. Mallory
Donald W. Mallory
Ohio Sup. Ct. Attorney Reg. No. 0070875
dwmallory@woodlamping.com
600 Vine Street, Suite 2500
Cincinnati, OH 45202
Phone: (513) 852-6092
Fax: (513) 419-6494
Subchapter V Trustee


Copies To:  Default List

###